**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARL WALLACE,

    Plaintiff,

v.                                                            Case No. 13-10427

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.
                                                 /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT**

The Fair Debt Collection Practices Act ("FDCPA") requires a debt collector dunning a consumer to send a notice saying, among other things, that the collector will assume the consumer's debt is valid "unless the consumer, within thirty days *after* receipt of the notice," disputes the debt. 15 U.S.C. § 1692g(a)(3) (emphasis added). Diversified Consultants, Inc., sent Carl Wallace a notice that told him Diversified would assume a debt valid unless Wallace, "within 30 days *of* receiving" the notice, disputed the debt. (Dkt. # 1, Ex. 1 (emphasis added).) Claiming that Diversified's use of "of" instead of "after" will mislead the "least sophisticated consumer," *see* § 1692e; *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012), Wallace sues Diversified under the FDCPA and a duplicative state law. Diversified moves for judgment on the pleadings. *See J.P. Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007). The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).

Wallace offers little developed argument. He notes that "after" and "of" tend to mean different things; he says that must be important. But he never explains how substituting "of" for "after" changes a notice's meaning. Several of his vague assertions, such as that the use of "of" "speeds up" the time to respond, suggest that he thinks "of receiving" means "*the moment* of receiving," and that he thinks "after receipt of" means "*the day* after receiving." He never explains why that might be so. At any rate, he claims to see a distinction between the following two adverbial prepositional phrases, which are, for sake of clarity, placed in parallel construction:

   (1) within thirty days after receiving the notice

   (2) within thirty days of receiving the notice

Each phrase has a preposition, "within," modifying a verb, "dispute" (as in "dispute the debt"). Hence the term "adverbial preposition."

Each phrase contains two parts. The first part addresses the question "How long to notify?" Answer: thirty days. The second part, another prepositional phrase, addresses the question "Thirty days starting when?" Answer: upon receiving notice. The second part, the part that begins with "after" in phrase (1) and with "of" in phrase (2), is where Wallace sees a problem.

Here is the important point. Regardless of the operative preposition, whether "of" or "after," the second part of the phrase refers to the event of receipt. In other words, both "of" and "after" identify the arrival of notice as the start of the thirty-day period to act. Perhaps "of" allows instantaneous action and "after" requires waiting a second, but that is a silly distinction, and not what Wallace means. No, "of receiving" and "after receiving" both mean "once receipt occurs." Judges know this, which is why they often

2

use "of" in the manner that Wallace says violates the FDCPA.  See, e.g., *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 95 (2d Cir. 2008) (stating that the FDCPA allows someone to dispute a debt within thirty days "of" receiving notice); *Sims v. GC Servs L.P.*, 445 F.3d 959, 962 (7th Cir. 2006) (same).  The judges are right, Wallace is wrong.  Under the FDCPA, a consumer must be told that she may dispute a debt within thirty days *of* receiving notice—that statement is accurate.

Ambiguity arises not in the prepositions, "of" and "after," but either in the prepositions' object, that is, the gerund "receiving," or outside the phrase altogether.  If a person assumes that she "receives" notice the moment she reads a notice letter, she will understand the two phrases to say, "within thirty days, starting *the moment* after receiving notice."  But if she knows that the law adopts "the fiction that a day has no parts," *Burnet v. Willingham Loan & Trust Co.* 282 U.S. 437 (1931) (Holmes, J.), and so excludes the day of an event, such as the receipt of notice, from a measure of time, she will read, "within thirty days, starting *the day* after receiving notice."  Note how these examples use the same preposition, "after," to different effect.  The source of confusion is not "after" or "of."  It is the absence of a sign of when "receiving" *officially* occurs.  "After" and "of" merely point the reader to the ambiguous term.  A plaintiff must show that a defendant's chosen phrasing of notice "unacceptably *increases* the level of confusion" compared to the phrasing in the FDCPA.  *Johnson v. Revenue Mgmt Corp.*, 169 F.3d 1057, 1060 (7th Cir.1999).  Although "of" may vie for "the evil glory of being accessory to more crimes against grammar than any other" word, H.W. Fowler, *A Dictionary of Modern English Usage* 397 (1926), Diversified's use of "of" creates no distinct confusion.

3

An example will illustrate why even an unsophisticated person can likely grasp the basic problem.  Imagine the rapid spread of a new and mysterious disease.  The disease can be treated, but only if a person goes to a hospital soon after infection.  And the mark of infection is subtle.  Now imagine that the health authorities, acting in great haste, publish billboard and placard.  Some say, "Seek help within two days *of* showing signs of infection"; others say, "Seek help within two days *after* showing signs of infection."  These announcements will baffle (and terrify) the simple and the brilliant alike—but not because of the alternative prepositions.  No one will miss that "of" and "after" convey the same thing, something like "as soon as."  The problem is "showing signs of infection."  Without more information about the disease, no one will know what that means.  The trouble lies not in the prepositions, but in the ill-defined object they connect to.

The situation is much the same with "within thirty days after (of) receiving."  Neither grammar nor common sense provides anyone besides an FDCPA lawyer a reason to assume a material difference between "after" and "of."  Only the law's idiosyncratic treatment of "receiving" might cause confusion.  *See, e.g., Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000); *United States v. Carver*, 671 F.2d 577, 577-78 (D.C. Cir. 1982); 74 Am. Jur. 2d *Time* § 15 (2013).  Accordingly,

IT IS ORDERED that the motion for judgment [Dkt. # 11] is GRANTED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2013, by electronic and/or ordinary mail.

                                       s/Holly Monda for Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522